**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUSTAVO ADOLFO MARTINEZ, | No. 17-73088 |
| Petitioner, | Agency No. A208-928-871 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2019
Seattle, Washington

Before:  GRABER, BERZON, and HIGGINSON,** Circuit Judges.

Petitioner Gustavo Adolfo Martinez seeks review of the Board of

Immigration Appeals' ("BIA") final order denying his requests for asylum,

withholding of removal, and relief under the Convention Against Torture.  We

deny the petition in part, grant it in part, and remand for reconsideration.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Stephen A. Higginson, United States Circuit Judge for the U.S.
Court of Appeals for the Fifth Circuit, sitting by designation.

1.  With respect to the claims for asylum and withholding of removal, the main issue that the petition for review raises is whether, in Honduras, people who witness gang violence, cooperate with police, and are designated Protected Witness Complainants constitute a "particular social group."  8 U.S.C. § 1101(a)(42)(A). Rather than reach the social-group question, we remand for reconsideration of a potentially dispositive issue that was analyzed inadequately by the BIA.

The government now concedes that the harm Petitioner suffered constitutes persecution.  But the government argues, and the BIA concluded, that the Honduran government was neither unwilling nor unable to control the relevant gang violence.  The BIA's analysis is inaccurate and incomplete.

Although the BIA's decision uses the phrase "unable or unwilling" in reference to the Honduran government's control of the M-18 gang, the discussion focuses only on willingness to control M-18.  The BIA's descriptions of the relevant caselaw suggest that the government must either condone the violence or fail to take reasonable steps to prevent or respond to it.  That formulation is incorrect.  It was legal error to consider only the Honduran government's willingness to control gang violence; an analysis of the government's ability to do so also is required.  Madrigal v. Holder, 716 F.3d 499, 506–07 (9th Cir. 2013). Although the immigration judge and the BIA discussed the steps that police took to

2

protect Petitioner, neither addressed the "efficacy of those efforts." Id. at 506 (emphasis added). The BIA must consider that question in the first instance. Id. at 507.

For that reason, we grant the petition with respect to the claims for asylum and withholding of removal, and we remand the matter to the BIA for reconsideration.

2. We deny the petition as to Petitioner's claim for relief under the Convention Against Torture. See Shrestha v. Holder, 590 F.3d 1034, 1048 (9th Cir. 2010) (stating standard of review). The BIA's conclusion that the Honduran government is willing to combat gang violence is supported by substantial evidence. Even if the BIA were to conclude that the Honduran government is not able to control violence by M-18, ineffectiveness, without more, would not raise an inference that the government would acquiesce in any torture that might occur. Garcia-Milian v. Holder, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION DENIED IN PART, GRANTED IN PART, AND REMANDED.** The panel will retain the case if a further petition for review is filed. Each party shall bear their own costs.